Wilkie *v.* Bolster.

---

### John Wilkie *v.* Henry B. Bolster and others.

In an action for damages sustained by a passenger in a public stage coach, the onus of proving the cause of the injury to have been such as could not have been prevented by proper care and foresight on the part of the carrier, is on the defendant.

Accordingly, where a passenger and his family, while seated in an omnibus in the city of New York, were injured by the bursting of a lamp; a judgment in their favor was sustained upon the ground, that the owners had not shown affirmatively that the burning fluid or material used in the lamp was a safe and proper article.

The liability in such case, of the owners of a stage or omnibus, extends to all damages suffered by a passenger to either his person or apparel, which prudence and foresight can guard against.

Wilkie *v.* Bolster.

Where a defendant is charged with damages from the use of an article alleged to be dangerous, the fact that it is so, if material to be shown affirmatively, must be established by evidence, and the justice cannot assume the fact from any knowledge of his own respecting the nature of the article in question.

The decision in *Ingalls* v. *Bills* (9 Metcalf, p. 1)—in which the injury was proved to have resulted from a hidden cause which the exercise of vigilance would not have removed—cited and distinguished from this case.

The difference between the liability of the carriers of goods and of passengers, respectively, stated.

THIS action was brought to recover damages sustained by the plaintiff and by members of his family, in an omnibus owned by the defendants. While the omnibus was being conveyed upon its ordinary route, through Broadway, in the city of New York, a lamp carried therein exploded. The plaintiff's face was more or less burned, and the dresses of his wife and two minor daughters were injured, as witnesses testified, to the extent of about thirty-five or forty dollars.

It was proved that the vehicle was new and in good condition, having been in use for only two or three weeks; that the driver was proceeding slowly when the accident occurred; that the lamp was constructed of double tin, had been carefully trimmed and fastened, and was apparently in good order.

Throughout the trial, it was conceded that the lamp was a "camphene lamp," but no evidence was adduced, on either side, as to the nature or properties of camphene, nor as to whether or not the substance with which the lamp was filled was safe or hazardous when employed as a means of illumination.

The Marine Court (Thompson, J.) gave judgment for $100 against the defendants, who appealed to this court.

*Robert H. Shannon*, for the defendants, argued the following, with other points.

I. The duties and obligations of carriers of passengers are by law distinguished from those of carriers of goods, the latter being warrantors and insurers, while carriers of persons are not liable for an accident arising from a concealed or impalpable

cause, which it may be impossible by search and examination to discover and prevent. (Story on Con. p. 838, § 767, ed. of 1851; Story on Bail. § 592; *Ingalls* v. *Bills*, 9 Met. 1; *Camden and Amboy Railroad Company* v. *Burke*, 13 Wend. 626; *Hollister* v. *Newton*, 19 Wend. 236; *Christie* v. *Griggs*, 2 Camp. 79.

II. The judgment is based on the assumption that camphene was so dangerous as a burning fluid for lamps, as to render the defendants liable for imprudence and negligence in the use of it. But of the nature and properties of it there was no manner of proof whatever before him. These could not be judicially assumed without proof, more than other facts necessary to the plaintiff's case.

III. The dangerous nature or properties of camphene do not exist in point of fact.

IV. No liability necessarily results from the use of a machine, element, or composition, that are necessary and usually employed in the conveyance of passengers; although, under some circumstances, they may be dangerous in their use, so as to render their use improper or an act of negligence *per se.* As, if so, it would exclude the use of fire, steam, and other elements and appliances notoriously dangerous; and, hence, negligence must be shown in the use or application of the useful but sometimes dangerous agent to render the carrier liable for an injury resulting from their dangerous qualities.

A light is indispensable for an omnibus, and the want of it would be such an act of negligence of the proprietors as to render them liable for any injury that might result from such an omission. (Story on Bail. § 593.) And there is no compulsion or duty to use one kind of fluid more than another among those that are in use.

V. The judgment was evidently the result of the gratuitous assumptions of the dangerous nature of camphene, and of mere sympathy for the persons whose clothes were spoiled in the omnibus, and was founded on predjudice and passion without regard to or consideration of the law or evidence in the case.

VI. The judgment ought, therefore, to be reversed with costs.

*John G. Vose* and *Lorenzo B. Shepard*, for the plaintiff, argued the following points.

I. The injury was caused by the explosion of camphene in a lamp in an omnibus. The vehicle was going slowly at the time, and the explosion is not due to collision or any other assignable cause than the nature of the fluid used, some defect in the construction of the lamp, or both together.

II. It is urged that "the dangerous nature or properties of camphene do not exist in point of fact." But the explosion of the lamp and the injury produced by it prove that camphene was an explosive and dangerous fluid. The defence neither proved nor attempted to prove that it was harmless and not explosive. It is, then, in the case, that the defendants used an explosive and dangerous mixture, whereby the injury was occasioned.

III. The evidence of the defence seems addressed to the point that camphene was used in a lamp of proper construction, in perfect order, and that the injury was due "to a concealed or impalpable cause, which it was impossible by search and examination to discover so as to prevent it." One witness testifies that the lamp had two tubes, was good and substantial, and of the usual kind used in the city stages; and, also, that the lamp was in good order and condition on the evening of the accident. Another witness testifies that the lamp was a double tin lamp, with two tubes in it, that it was perfectly true, strong, and perfect. Both these witnesses were in the employ of the defendants. Neither of them was an expert, a chemist, a lamp maker, or in any other way qualified to decide upon the merits of a machine to burn with safety an explosive and dangerous fluid. One was a stage runner, and the other a lamp filler. But neither of them undertakes to say that the lamp was of that kind which could be used with safety. It may have been of the usual kind used in the city stages, perfectly true, strong, and perfect, without being safe. The omission is of proof of the adaptation of the lamp to the purpose for which it was used. But the appellant says, in his second point,

"this cannot be judicially assumed without proof more than any other facts." If, however, the evidence had gone as far as to state that the lamp was perfectly safe, because of its perfect adaptation to burn a dangerous and explosive fluid, then the case would have stood with evidence on both sides, and the judge would have been compelled to decide whether the actual explosion of the lamp convinced him than in its nature and adaptation it was not perfectly safe. If he decided that question in the affirmative, there being evidence to support his decision, it would be sustained.

IV. The appellant asserts the right of the defendants to use a fluid which is usually employed, and likens the use of camphene to the use of steam. It is not necessary to consider whether this parallel holds good or not. If the injury in this case had occurred by the explosion of a steam boiler, and the defendants had called the man who started the boat, and the man who pumped water into it, to show that the boiler was adequate to the purpose for which it was used, and that it was of the sort of boilers usually employed in boats of that class, and rested his case without · calling the boiler maker and inspectors, that case would not have been more bald of evidence than that of the defendants' in this case.

V. The defendants are carriers of passengers, and they are bound "to carry safely those whom they take into their coaches, as far as human care and foresight will go; that is, for the utmost care and diligence of very cautious persons, and, of course, they are responsible for any, even the slightest neglect." (Story on Bail. § 600, and authorities; *Stokes* v. *Saltonstall,* 13 Peters, 181, 191, 193; see also *Camden and Amboy Railroad Company* v. *Burke,* 13 Wend. 611, 627, 628.) When an accident occurs, "the presumption *primâ facie* is, that it occurred by negligence, and the *onus probandi* is on the proprietors of the coach to establish that there has been no negligence whatever, and that the injury has been occasioned by inevitable casualty, or by some cause which human care and foresight could not prevent." (Story on Bail. 5th ed. § 601, *a,* and authorities; *Christie* v. *Griggs,* 2 Camp. R. 79; *Stokes* v.

*Saltonstall*, ut sup.; *Sharp* v. *Gray*, 9 Bing. R. 157; *Ware* v. *Gay*, 11 Pick. 106, 112; *Carpue* v. *London and Brighton Railway Company*, 5 Ad. and Ell. N. S. 747; *Lanig* v. *Colden*, 8 Barr. 479.) The evidence for the defence, in this case, falls far short of the exigency of these rules. But, even if it were not subject to this criticism, it is enough to say that the court below had evidence before it upon which its judgment can be sustained. The court above, will not, in such a case, undertake to adjust the balance.

By THE COURT. INGRAHAM, FIRST J.—The plaintiff and his family, while riding in an omnibus belonging to the defendants, were injured by the explosion of a camphene lamp in the stage. The dresses of the females of the plaintiff's family were damaged, and injuries were sustained by him personally, for which the court below gave judgment for $100. The defendants appealed from the judgment below.

The first five grounds stated in the notice of appeal might all have been included in one objection, viz. that in such an action the plaintiff, before he could recover, was bound to show affirmatively that the defendants were guilty of negligence or used improper articles in their lamps.

Upon the trial, it appeared that the injury was occasioned by the explosion of a camphene lamp in the stage, and that the lamp was in good order, and suited to the purpose for which it was intended; but no evidence was offered to show the qualities of camphene, or whether it was or not a dangerous article for such a purpose.

The liability of carriers of passengers as distinguished from that of carriers of goods is less extensive. While the carrier of goods is liable for all losses which arise from every cause except the act of God and public enemies, the carrier of passengers is only liable for a neglect to exercise reasonable care, precaution, and foresight; and when it is made to appear that a passenger is injured from a cause other than these the carrier is not responsible. So far as human foresight and care would protect the passenger, to that extent the carrier is called upon to

afford that protection. (*Camden and Amboy Railroad Company* v. *Burke*, 13 Wend. 611.) The appellants' counsel is undoubtedly correct in the rule as stated by him on this point. But I think he errs in supposing that the burden of proof in such a case rests upon the plaintiff. When he has proven the relation of the defendants to the plaintiff to be that of carriers of travellers, and that the injury was produced by an occurrence during the transportation of the plaintiff and his family within the control of the carriers, a case of presumptive negligence is established which entitles the plaintiff to recover, unless the defendants show that the accident was without any fault or negligence on their part. The rule appears to be well settled that the onus to prove such want of negligence rests on the defendants. (Angell on Carriers, 569 ; 5 Ad. and Ell. N. S. 747 ; 13 Peters, 181 ; 2 Camp. 79 ; *Holbrook* v. *Utica and Schenectady Railroad Company*, 16 Barb. S. C. R. p. 113.) The justice had no right to base his decision upon any dangerous qualities in camphene within his knowledge unless such danger was shown by testimony, but he had a right to presume that there was negligence on the part of the defendants which produced the injury, until they had produced evidence to satisfy him that they were free from faults.

This they in part attempted to do upon the trial. They proved by witnesses that the lamp was good and substantial, and of the usual kind used in stages ; that the stage was driven slowly, and that the lamp had been properly trimmed that day. So far as this evidence applied to the condition of the lamp it was sufficient, but no evidence was offered to show that the article used was not dangerous or was proper to be used for such purposes. The absence of such proof justified the court in giving judgment for the plaintiff. The defence necessary to be made out was, that the explosion of the lamp by which the injury was produced could not have been prevented by the exercise of a proper degree of human prudence and foresight ; and although the evidence showed that the lamp was in good order, still there was a defect in the proof of the defendant in not also showing that the

article used in the lamp was not calculated to produce such explosions.

The difference between this case and that of *Ingalls* v. *Bills*, 9 Met. p. 1, is, that in the latter case proof was given that established the defence, by showing the cause of injury to have been hidden, and one which could not have been guarded against by the exercise of sound judgment and a vigilant oversight. (Story on Bailments, § 601, a.)

An objection is taken in the notice of appeal to the amount of the recovery, but it has not been urged upon the argument. The damage proven to the property used by the wife and children was $63. The evidence shows some injury to the plaintiff's person. The complaint claims damage for injury to both, and we cannot therefore interfere with the finding of the justice in this respect.

The judgment was properly rendered against the defendants; and although the amount is more than we might have awarded, yet as part of the damages are for injury to the plaintiff's person, which are uncertain in amount, this court on appeal cannot disturb it.

Judgment affirmed.